**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **A.E.-1**

**No. 23-1** (Mason County CC-26-2021-JA-68)

**MEMORANDUM DECISION**

Petitioner Mother A.E.-2[1] appeals the Circuit Court of Mason County's December 6, 2022, order terminating her parental rights to A.E.-1.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision vacating the circuit court's December 6, 2022, order and remanding for further proceedings is appropriate, in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure.

Prior to the case giving rise to this appeal, petitioner was involved in an abuse and neglect proceeding related to eight older children, with her parental rights to those children ultimately being terminated by order entered in July 2021. *In re C.E.-1*, No. 21-0634, 2022 WL 1506073, at *1 (W. Va. May 12, 2022)(memorandum decision). During that prior proceeding, the court appointed a guardian ad litem for petitioner after a psychological evaluation revealed that she "lack[ed] the minimal threshold for competency to independently participate in her court case." *Id.* at *2.

---

[1]Petitioner appears by counsel Paul A. Knisley. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Andrew T. Waight. Counsel Michael N. Eachus appears as the child's guardian ad litem. Counsel Erica Brannon Gunn appears as petitioner's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-1-2, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated, effective January 1, 2024, and is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, because one child and petitioner share the same initials, we refer to them as A.E.-1 and A.E.-2, respectively.

Turning to the matter currently before the Court, the DHS filed an amended petition in December 2021 in which it alleged that petitioner and the child's father abused and neglected the child by virtue of the prior involuntary termination of their parental rights to the older children, the continued deplorable living conditions in the home, and the failure to provide sufficient medical care. Petitioner waived her preliminary hearing. Later that same month at an adjudicatory hearing, petitioner stipulated to the allegations against her, and the circuit court adjudicated petitioner as an abusing and neglecting parent.

Following the adjudicatory hearing, the father filed a motion for a post-adjudicatory improvement period. The court then held a hearing on September 1, 2022, that was noticed as a dispositional hearing. At the outset of the hearing, the court stated that "[w]e're here for disposition," after which the court immediately proceeded to address the father's motion for a post-adjudicatory improvement period. Specifically, counsel for the father stated that the father "has requested to present evidence," and called the father to the stand. During petitioner's cross-examination of the father, counsel for the DHS objected to questions concerning petitioner, and the following exchange occurred:

> [Counsel for the DHS]: Your Honor, I'm going to object because this is—I don't know if we're arguing [petitioner's] motion for an improvement period, but this is outside all the direct—all the scope of the direct. He's asking [the father] questions about [petitioner]. We've been concentrating on [the father] the whole time.

> [Counsel for petitioner]: Your Honor, when [the father] was questioned, he's been questioned about he and his wife. The questions were directed to him about he and his wife.

> THE COURT: I understand that, but I think we're going a little further afield. I think we're really dealing more with disposition relating to [petitioner] when it's [the father's] motion for an improvement period.

Immediately following this exchange, the court concluded the hearing and continued the matter until October 2022. On September 26, 2022, the court entered an order indicating that the September 2022 hearing "was held before this [c]ourt as set for [d]isposition" in regard to A.E.-1, although it clarified that it "proceeded to hearing on [the father's] Motion for a Post-Adjudicatory Period of Improvement." The court further indicated that it "stopped the hearing regarding [the father's] Motion and ORDERED the same continued until October 18, 2022, . . . for Further Disposition." Following this hearing, petitioner filed a written motion for a post-adjudicatory improvement period.

When the hearing was reconvened in October 2022, the parties all indicated that they had no further questions for the father. The court then asked, "Does anybody else have evidence with respect to disposition related to [the father]?" Several parties replied no, although the court then asked counsel for the DHS, "do you have evidence with respect to [the father's] motion?" Counsel for the DHS then called a DHS worker. Following testimony from the DHS worker, counsel for the DHS stated that "[t]he Department rests, . . . as to [the father]." The court then turned to

petitioner's motion for an improvement period, with petitioner's counsel explaining that, because of the finding as to petitioner's incompetency in the prior proceeding, he did not believe that he could ask her to testify. Counsel for petitioner further indicated, "I think I pretty much got all of the questions that I had concerning an improvement period for [petitioner] in questions concerning [the father's] case, because they are basically one and the same." As such, counsel indicated that he did not have any evidence to present in support of the motion and asked that the court take judicial notice "of all the evidence brought in and testimony brought in on [the father's] case in reference to [petitioner]." The court granted that motion, with no objection. The court then asked, "Does anybody else have any evidence to offer with respect to [petitioner]," to which no one responded in the affirmative. The court directed the parties to "argue [their] motions." Following argument, the court proceeded to conclude that termination of petitioner's parental rights was in the child's best interest and denied the motion for an improvement period. Specifically, the court found that "it doesn't appear that we have any alternative but to terminate rights." Petitioner's counsel then inquired, "was there a motion filed to terminate rights in this case? I thought we were just here on improvement periods." The court responded, "Well, it's for disposition. Disposition involves termination. You had your motions, but, basically, the motions are denied, and there's not a lot of other alternatives that I have. So it's disposition." Following the hearing, the court entered an order on December 6, 2022, memorializing its findings and terminating petitioner's parental rights.[3] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Further, we have explained that,

> [w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children adjudicated to be abused or neglected has been substantially disregarded or frustrated, the resulting order of disposition will be vacated and the case remanded for compliance with that process and entry of an appropriate dispositional order.

Syl. Pt. 5, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001).

Here, it is clear that vacation is required because the DHS failed to satisfy the applicable dispositional burden and, as a result, petitioner was denied a meaningful dispositional hearing. In discussing the dispositional phase of abuse and neglect proceedings, this Court has been explicit that the DHS "must produce clear and convincing evidence to support" the findings that there is no reasonable likelihood that conditions of abuse and neglect can be substantially corrected in the near future and that termination is necessary for a child's welfare "before the court may sever the . . . rights of the natural parents." *State v. C.N.S.*, 173 W. Va. 651, 656, 319 S.E.2d 775, 780 (1984) (citation omitted); *see also* W. Va. Code § 49-4-604(c)(6) (specifying grounds for termination of

---

[3]The father's rights were also terminated. The permanency plan for the child is adoption in the current placement. Further, petitioner filed a "Motion for Reconsideration" in regard to the court's dispositional order, but the court did not rule on the motion.

parental rights). Conversely, the burden of proof for obtaining a post-adjudicatory improvement period rests with the moving party, who must establish that they are "likely to fully participate in the improvement period." W. Va. Code § 49-4-610(2)(B). By repeatedly indicating that all of the evidence introduced at the two dispositional hearings was in relation to the father's motion for a post-adjudicatory improvement period, and by explicitly limiting—upon the DHS's objection—petitioner's cross-examination to *only* those facts which related to the father's motion, it is clear that the circuit court erred in imposing disposition under West Virginia Code § 49-4-604(c)(6) when the DHS failed to satisfy the applicable burden.

It is also important to address the due process considerations at play. We have been clear that West Virginia Code § 49-4-604 "and the Due Process Clauses of the West Virginia and United States Constitutions prohibit a court . . . from terminating the parental rights of a natural parent having legal custody of his child, without notice *and the opportunity for a meaningful hearing*." Syl. Pt. 1, in part, *W. Va. Dep't of Welfare ex rel. Eyster v. Keesee*, 171 W. Va. 1, 297 S.E.2d 200 (1982) (citation omitted) (emphasis added). Further, West Virginia Code § 49-4-601(h) provides that all parents in abuse and neglect proceedings "shall be afforded a meaningful opportunity to be heard, including the opportunity to testify and to present and cross-examine witnesses." Here, the circuit court offered petitioner only the opportunity to cross-examine witnesses presented in support of the father's motion, in addition to the opportunity to testify and present and cross-examine witnesses in support of her own motion. The lone witness the DHS called in response to the father's motion for an improvement period appears to be the only witness for the DHS during the entirety of the proceedings, meaning that the DHS did not call a single witness with respect to petitioner. Simply put, petitioner was not given a meaningful opportunity to be heard.

On appeal, the DHS stresses that the two hearings in September and October 2022 were noticed as dispositional hearings, and that the court made references on the record to proceeding with disposition. This argument ignores the many instances in which the court clearly limited the scope of both hearings to the pending motions for improvement periods. The DHS additionally argues that because West Virginia Code § 49-4-604(e) allows an improvement period as an alternative to disposition, the circuit court was permitted to consider the motions for improvement periods during the dispositional hearing. Indeed, a circuit court can consider such motions during dispositional hearings, but that does not supplant the need to hold a proper dispositional hearing in accordance with West Virginia Code § 49-4-604 and this Court's prior holdings. As we have explicitly stated, "[t]he circuit court is required to conduct a disposition hearing, pursuant to West Virginia Code § 49-6-5 (1999) and Rules 33 and 35 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, *at which the issue of such termination is specifically and thoroughly addressed*." Syl. Pt. 2, *In re K.S.*, 246 W. Va. 517, 874 S.E.2d 319 (2022) (citation omitted) (emphasis added). Accordingly, the DHS's arguments on appeal fail to establish that the circuit court did not err.

In addition, the DHS admits on appeal that the DHS did not file a case plan in accordance with West Virginia Code § 49-4-604(a). On remand the circuit court is directed to ensure that the DHS complies with this statute prior to holding a properly noticed dispositional hearing, during which the circuit court will permit petitioner the opportunity to be heard and may only impose disposition under West Virginia Code § 49-4-604(c)(6) if the DHS satisfies the appropriate burden of proof.

4

For the foregoing reasons, we vacate the circuit court's December 6, 2022, order terminating petitioner's parental rights to A.E.-1 and remand this matter to the circuit court for further proceedings as directed by this memorandum decision. The Clerk is directed to issue the mandate contemporaneously herewith.

Vacated and Remanded, with directions.

**ISSUED**: February 7, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn